No. 12,983.

W. S. FRAZEE, TAX COLLECTOR, VS. ACHILLE E. DUPRE; VINCENT BOAGNI VS. ACHILLE E. DUPRE. (CONSOLIDATED.)

SYLLABUS.

One selling real property on terms of credit and retaining a vendor's lien and' mortgage on the property sold as security for the purchase price, subsequent to the passage of the license statute of 1894 conferring a first lien and privilege on all property, real and personal, of the license debtor in favor of the State and parish, must be presumed to have possessed full' knowledge thereof, and made the sale subject to the contingency that said privilege of the State and parish might prime his mortgage and vendor's lien on the proceeds of its sale.

ON APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *DuBuisson, J., ad hoc.*

*W. J. Sandoz* for Tax Collector, Third Opponent, Appellee.

*Kenneth Baillio* for Boagni, Appellant.

Submitted on briefs February 7, 1899.
Opinion handed down February 20, 1899.

The opinion of the court was delivered by

WATKINS, J. As the appellant's counsel has presented us with a very careful analysis of the pleadings, in his brief, we have reproduced same in its entirety, as follows, viz.:

"The first of the above suits was a proceeding by rule against the defendant, Achille E. Dupre, claiming the sum of two hundred and ten dollars for license due by him to the State and parish, as retail merchant and liquor dealer, for the year 1898. Pending a hearing on the rule, plaintiff in the second suit, Vincent Boagni, obtained an order of seizure and sale on a note for the sum of six hundred dollars, dated August 16, 1894, payable one year from said date, bearing eight *per cent.* interest from maturity, and ten *per cent.* for attorney's fees, and secured by vendor's privilege and special mortgage upon the following described property, viz.:

"A certain tract or parcel of land situated in Plaisance, in this parish, together with the gin-house, gin-stand, steam engine, and all other improvements thereon, having a front of one arpent on the Grand Prairie and Opelousas road, and containing two superficial arpents, bounded on the north and east by land of Frank J. Davy and south by the Opelousas and Grand Prairie road.

"To the tax collector's suit, the defendant pleads the general issue, and in the suit of Vincent Boagni (a sale having been ordered of the above property), the tax collector intervened, and by third opposition claimed a preference over the proceeds of sale of said property to the extent of the aforesaid sum of two hundred and ten dollars, with two *per centum per annum* thereon as interests, and ten *per centum* for attorney's fees; and obtained an order directing the sheriff to retain in his hands an amount sufficient to pay said sums, interests and attorney's fees.

"To this third opposition suit of the tax collector, Vincent Boagni, seizing creditor, answered first by a general denial, denying the right of the tax collector to be paid by privilege and preference, and asserting his preference over the proceeds, in virtue of his rights as vendor and special mortgage creditor. He further averred that the revenue laws of the State of Louisiana, in so far as they purport to grant to the State and parish a first privilege upon all property, movable and immovable, of the license debtor, even as against antecedent mortgages, is violative of the Federal and State Constitutions, which ex-

pressly forbid the passage by the legislature of any law impairing the obligations of contracts, or divesting vested rights; and he accordingly prayed that said revenue laws, in so far as they purport to grant. or do. grant such extraordinary rights to the State and parish, be decreed unconstitutional, null and void; and he prayed that the demands of the tax collector be rejected and disallowed, and that the disputed fund be ordered paid over to him. There was judgment in favor of the tax collector, ordering the sheriff to retain the amount of the aforesaid State and parish licenses, with interests and attorney's fees as prayed for. From this judgment, Vincent Boagni prosecuted. the present suspensive appeal to this court. The appellant having died after perfecting said suspensive appeal, his heirs and legal representatives were, on proper motion, made parties to this suit, and are now prosecuting same."

It appears from the record, that the tax collector proceeding by rule against defendant as a delinquent license payer, filed the requisite proceedings and obtained the necessary order from the judge, on the 7th of July, 1898, and in the petition it is alleged, that the defendant is indebted to the State and the parish of St. Landry in the full sum of two hundred and ten dollars, for licenses due the State and parish "for carrying on the business of retail liquor dealer within the territorial limits of said parish during the current year 1898."

It is further alleged "that said license has been delinquent since March 1st, 1898," and that there is due, in addition to the capital sum of said license, as a penalty, "two *per centum* per month interest thereon from March 1st, 1898, until paid, and ten *per cent* additional on said sum, principal and interest, as attorney's fees;" and his prayer is, for a rule on the defendant to show cause why he should not pay same.

While these proceedings were yet pending, Dr. Vincent Boagni obtained an order for the seizure and sale of certain real estate of the defendant, and all the buildings and improvements thereon, in the foreclosure of a vendor's lien and special mortgage thereon, as securing the payment of a note of the defendant for six hundred dollars, payable to his own order and endorsed at twelve months after its date.

This sale was granted by the judge on the 19th of August, 1898, and the note and act of mortgage were executed on the 16th of August, 1894, said mortgage and vendor's lien having been stipulated in an act of sale from Godfrey Dupre to the defendant, of the latter date.

The recital of said act of sale and mortgage is, that the consideration thereof is the sum and price of six hundred dollars, represented by one note of the purchaser, of the aforesaid description, said note having been paraphed *ne varietur* in order to identify same with the act of sale and mortgage.

The record shows, that the act of sale and mortgage were duly inscribed in the mortgage office, on the day of their execution.

Pending the executory proceedings, the tax collector filed therein a third opposition on the 8th of October, 1898, which is founded upon his *prior* proceedings by rule against the execution debtor, to which reference is made; and he then alleges, that said defendant debtor "is *insolvent* and has no other property than that seized in the executory proceedings," and from the proceeds of the sale of which *alone* said licenses and penalties can be paid, and upon which the State and parish have a first lien and privilege, and that they are consequently entitled to be paid therefore by preference and priority.

To that effect, the third opponent prayed for and obtained an order requiring the sheriff to hold in his hands a sufficiency of the proceeds to pay and satisfy said licenses, penalties and cost, subject to the final decision of said opposition.

The purport of the answer of the executory creditor is, in substance, that he is entitled to be paid in preference to any and all other creditors, in virtue of his mortgage and vendor's lien, from the proceeds of sale; and if the revenue statutes on which the counsel for the tax collector rely as conferring a preference on the State and parish are so construed, same will have the effect of impairing the obligation of his contract within the terms of the contract clause of the federal constitution.

Its further averment is, "that the law as existing at the time said note and special mortgage were executed, is a part of said contract, and any subsequent law that abridges the obligation of the contract is violative of the Constitution of the United States, and therefore void."

The evidence clearly shows, that the defendant was engaged in retailing spirituous liquors in the parish of St. Landry, during the months of January and February, 1898, and had failed to pay either the State or parish license therefor, anterior to the filing of the plaintiff's rule.

The proof shows that the property not only sold for an insufficient

Tax Collector vs. Dupre ; Boagni vs. Dupre (Consolidated).

.amount to pay both creditors, but an amount insufficient to pay the State and parish licenses and penalties.

In the course of the statement of his reasons for judgment, the judge *a quo* said:

"There is no merit in the contention (of the defendant) that Section 28 of Act 171 of 1898, impairs the obligation of his contract in violation of the Constitution of the United States, for the simple reason that said section is the same *ipsissimis verbis* as Section 27 of Act 150 of 1890, as amended by Act 106 of 1894, *which was in exist- .ence and in force at the time that the said contract was entered into.*"

The following are the provisions of the original Act of 1890, and the amendment of 1894, viz. :

Act 150 of 1890.

.* * * * * * * * * * * *

"Section 2.   Be it further enacted, etc., That all unpaid licenses shall bear interest at the rate of two *per cent* per month, from the first day of March, and the payment thereof shall be secured by *first privi- .lege,* in favor of the State, and the tax collectors shall collect said license and interest in the manner provided by existing laws."

Act 106 of 1894.

* * * * * * * * * * * *

"Section 2.   Be it further enacted, etc., 'That Section twenty-six (26) of Act No. 150 of 1890, be amended and re-enacted so as to read as follows:   That all unpaid licenses shall bear interest at the rate of two *per cent* per month from the first day of March, and the payment thereon (thereof) shall be secured by *first privilege* in favor of the State *upon the property, movable or immovable, of the delinquent .owing the license,* and the tax collector or *ex-officio* tax collector shall collect said license and interest in the manner provided by existing laws.' "   (Our italics).

The foregoing act was finally passed and approved on the 7th of July, 1894, *prior* to the execution of the act of sale and mortgage in question on the 16th of August, 1894.

Consequently, the original creditor, Godfrey Dupre, was charged with full knowledge of the existence and import of this enactment when he made sale to the defendant, and accepted the mortgage and vendor's lien upon the property conveyed as a security for the pur- .chase price ; and he must be presumed to have entered into the engage-

ment with full knowledge that his rights might ultimately be defeated by the *first privilege* of the State and parish.

Act 109 of 1894 remained in force until Act 171 of 1898 was enacted; but said latter statute had no effect upon the rights and obligations of the parties, because it was not approved until July 14th, 1898, just one week *subsequent* to the date of the filing of the tax collector's rule, and that is the date at which the test must be applied.

Therefore, we are dispensed from giving any consideration to that act, Section 26 of which only secures the licenses of the State and parish by a "first mortgage," only; and as the act of mortgage and vendor's lien on which the creditor relies were executed *since* the act of 1894 went into operation, it would serve no useful purpose to discuss and decide the constitutional question raised.

Judgment affirmed.